UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMAR JOHN TYRRELL,

    Plaintiff,

v.                                         Case No. 07-C-804

GE OIL & GAS OPERATIONS INC.,

    Defendant.

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**

    Plaintiff Lamar John Tyrrell has brought an action under the Age Discrimination and Employment Act, ("ADEA"), 29 U.S.C. § 623. He has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

    Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that Plaintiff is presently unable to pay the filing fee. It also appears from his complaint that he has stated a claim that is not legally frivolous. Accordingly, his motion to proceed *in forma pauperis* will be granted.

Tyrrell has also requested that counsel be appointed to represent him in this matter. He claims he lacks the financial resources to hire counsel on his own and asks that the court appoint an attorney to assist him.

This request will be denied. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent litigant, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. *Id.* at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id*. at 1072.

Plaintiff indicates that he has been unable to successfully obtain counsel. However, he does have an attorney representing him in his Social Security matter. Apparently, this attorney does not work in this area or has concluded that Tyrrell's case is not sufficiently meritorious to warrant his representation. From my own review of the complaint, I am not convinced that the claim has sufficient merit for this court to appoint counsel. Tyrrell is of course not in custody as many individuals are who request such appointment. He is not employed and therefore would have time available to investigate crucial facts and prepare any pleadings or responses that may be required.

Nothing in his complaint suggests that he does not have the minimal capacity necessary to present his case. Moreover, from the allegations that he has set forth, it does not appear that the case involves great complexity. Taking all of these matters into consideration, I conclude that the motion for appointment of counsel should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's request for the appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. §§ 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing party or its attorney(s). Plaintiff should also retain a personal copy of each document. If Plaintiff does not have access to a photocopy machine, Plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to its attorney(s).

3

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in 28 U.S.C. § 1915 precludes the Defendant from moving to dismiss any claim identified in this order as potentially existing in the complaint if the Defendant believes the complaint fails to state a claim upon which relief can be granted or is otherwise defective.

Dated this   10th   day of September, 2007.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge