# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LAMAR JOHN TYRRELL,

        Plaintiff,

    v.                                        Case No. 07-C-804

GE OIL & GAS OPERATIONS, INC.,

        Defendant.

## ORDER

This Court's Order of June 12, 2008 granted the motion of Defendant GE Oil & Gas Operations, Inc. ("GE") to compel Plaintiff Lamar John Tyrrell to respond to GE's outstanding discovery requests and submit to a deposition. The Court also awarded GE its fees and costs in preparing the motion, and directed it to file a statement setting forth the specific amounts requested. GE has now filed its fee request, and Tyrrell has responded. In addition, GE has filed a motion to strike a purported stipulation and proposed protective order filed by Tyrrell on July 1, 2008, claiming it never entered any stipulation or agreement concerning a protective order. For the reasons set forth herein, GE will be awarded the full amount of its requested fees and costs, and its motion to strike will be granted.

Federal Rule of Civil Procedure 37 requires the payment of expenses associated with the grant of a motion to compel unless the "opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). The Court granted GE's motion to compel and ordered the payment of fees

and costs after Tyrell failed to file any response to the motion. On June 17, 2008, after the Court had granted GE relief, Tyrell filed an untimely response to the motion to compel, in which he alleges that his late filing was "due to circumstances beyond his control," and claims that he has made repeated requests that GE enter into mediation for purposes of settlement negotiations.[1] (Response to Mot. Compel, Dkt. 29.) In response to GE's motion, Tyrell also claims that GE has told him he has a weak case, that his discovery responses are due immediately, and that it is not interested in pursuing mediation of the case, because it believes settlement discussions would involve nothing more than a nuisance value. (Id. ¶¶ 2-3.) Of course, GE is not required to settle this case or enter into mediation.[2] Neither do its communications to Tyrell provide a basis for the denial of GE's motion to compel, or reconsideration of the Court's order. Even if Tyrell had good cause for his delay, his response does not demonstrate circumstances that justify his failure to provide GE with discovery, or render the Court's award of fees and costs unjust. Tyrell is reminded that failure to comply with the Court's order compelling him to produce the discovery requested by GE may result in the dismissal of this case.

GE requests $1,391.50 in attorneys fees associated with its preparation of the motion to compel. In response, Tyrell has filed additional letters to the Court, repeating his assertion that GE

---

[1] In a subsequent letter to the Court, in response to GE's allegation that he had not shown "good cause" for his delay, Tyrell filed a letter claiming he was unable to make a timely filing because he experiences back seizures on a regular basis that interfere with his mental and physical functioning. (Dkt. 36.)

[2] To the extent Tyrell claims that GE's refusal to enter into mediation is in violation of the Federal Rules of Civil Procedure or this Court's scheduling order he is mistaken. (Letter from Tyrell to GE, Dkt. 29, Ex. C.) Although the Court has expressed its willingness to refer the case to one of the magistrate judges for mediation upon the request and interest of the parties, GE has clearly indicated it is not interested in proceeding to mediation at this time. Nothing in the Federal Rules or the scheduling order require it to do so.

2

has refused his attempts to settle this case, and alleging that GE has refused to comply with some of his own requests for discovery on the grounds that the information requested is not reasonably related to his claims. (Dkt. 36-37.) Even if true, neither assertion provides any grounds for the Court's reconsideration of its previous order.[3] Tyrrell has not challenged the reasonableness of GE's fee request, which is supported by the affidavit of Attorney Williams-Killackey, counsel for GE. (Williams-Killackey Aff., June 23, 2008.) The Court is satisfied that the fees requested are reasonable. Accordingly, Tyrrell will be ordered to pay GE the amount of $1,391.50.

In his most recent filing in response to GE's fee request, Tyrrell indicates that he "on numerous occasions has insisted on a confidentiality agreement," but GE has "failed to execute this agreement." (Dkt. 37 at 3.) With his response, Tyrrell filed a document entitled "Stipulation for Protective Order," and which stated that Tyrrell and GE "hereby stipulate and jointly request that the Court enter a protective order governing confidential documents and information in the form submitted herewith." Beneath this language, Tyrrell listed both his and opposing counsel's name and contact information. He also submitted a proposed protective order. GE has now moved to strike the purported stipulation, as well as the proposed protective order it regards, claiming it did not in fact enter into any stipulation or agreement concerning these documents, and was not even provided the documents until they were filed with the Court. Based upon the affidavit of defense counsel (Williams-Killackey Aff., July 2, 2008), stating that GE does not stipulate to the entry of the proposed order, and Tyrrell's own admission that GE has not entered into any such agreement,

---

[3] Although Tyrrell claims GE has refused to comply with his own discovery requests, he has not filed a motion to compel GE to produce such discovery. To the extent he intends to request such relief through his responses to GE's fee request, his general allegations regarding GE's refusal to comply with his requests do not provide sufficient detail to permit GE to respond to his allegations, or support any action by the Court to direct disclosure.

3

the Court finds the parties have not stipulated to a protective order in this case, and further concludes that no good cause has been shown for the entry of such an order.

While Tyrrell remains free to file a motion seeking a protective order from the Court, he is advised that any such motion must be accompanied by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (internal quotation omitted), establishing good cause for the entry of such an order. *See also* 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2035, at 483-86 (2d ed. 1994) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."). Tyrrell is also forewarned that Fed. R. Civ. P. 11 provides for the imposition of sanctions where a party makes misrepresentations to the Court as to the stipulations of the parties, or other material subjects.

**THEREFORE IT IS ORDERED** that Tyrrell pay to GE the amount of $1,391.50 as reasonable fees associated with its motion to compel.

**IT IS FURTHER ORDERED** that GE's motion to strike (Dkt. 38) is granted and the purported stipulation (Dkt. 37, Attachment 1) and proposed order (Dkt. 37, Attachment 2) be stricken.

Dated this ___7th___ day of July, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4