UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMAR JOHN TYRRELL,

    Plaintiff,

v.                                            Case No. 07-C-0804

GE OIL & GAS OPERATIONS INC.,

    Defendant.

**ORDER**

    Pro se Plaintiff Lamar John Tyrrell has filed an expedited motion to compel Defendant GE Oil & Gas Operations, Inc. ("GE") to respond to his outstanding document requests. By his motion, Tyrrell also requests that the Court stay this proceeding until a decision is rendered as to his pending claim for social security benefits, and grant him an extension of time in which to complete discovery, until he "considers newly rediscovered documents and retains an attorney." (Mot. Compel ¶ 7.) For the reasons stated herein, Tyrrell's motion will be denied.

    As a preliminary matter, it is apparent that Tyrrell's motion is procedurally deficient. Civil Local Rule 7.4 governing expedited non-dispositive motion practice provides than such a motion may not exceed three pages in length. Tyrrell's motion exceeds this page limit. In addition, although Tyrrell generally alleges he has attempted to resolve his discovery disputes with GE, (Mot. Compel 1) GE submits that he has never informed it of his specific concerns with its responses to his discovery requests, or otherwise engaged in the personal consultation required by Fed. R. Civ. P. 37 and Local Rule 37.1 regarding the issues he has raised in his motion. (Williams-Killackey

Aff. ¶¶ 3, 4, 6.) Such deficiencies alone are sufficient reason to deny Tyrrell's motion. However, I note that even absent these procedural problems, Tyrrell would not be entitled to relief on the merits of his motion.

Although he asserts that GE has not provided an adequate response to his document requests, Tyrrell has not explained why he believes GE's responses to be deficient or its objections inappropriate. He has not even identified which requested documents GE has failed to produce. Tyrrell alleges that GE has withheld from him copies of his own medical records which he had provided to the Equal Rights Division of the Wisconsin Department of Workforce Development, and has apparently had difficulty obtaining despite requesting them from the Department. (Mot. Compel ¶¶ 2-5.) But GE has indicated that shortly after it received copies of these records pursuant to a public records request, it did in fact provide copies of the documents to Tyrrell. (Wiliams-Killackey Aff. ¶ 5.)

Tyrrell also requests that the Court stay this case and permit him an extension of time in which to complete discovery. As grounds for these requests, he asserts that he expects to receive a decision with regard to whether his social security disability claim has been granted within the next sixty days, and that he would like additional time to consider "newly rediscovered documents" and continue his efforts to hire an attorney. (Mot. Compel ¶ 7.) Tyrrell has identified no way in which the outcome of his social security claim affects this matter, however, except that it may affect his calculation of damages. If necessary, he will have the opportunity to supplement his discovery responses with regard to his damages as the case proceeds. Under these circumstances, there is no justification for the Court to stay this action.

2

Nor is there reason for the Court to amend its scheduling order to permit Tyrrell additional time in which to conduct discovery. Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order. The standard for permitting modification of a scheduling conference order pursuant to Rule 16 is "good cause." Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."). Here, Tyrrell's vague allegation that he requires more time to review "rediscovered" documents falls far short of establishing "good cause" for an extension. Presumably the documents to which he refers are his own medical files which he could have obtained from his health care providers without relying on GE's discovery efforts. Tyrrell has had sufficient time to retain counsel in this matter, and has provided no explanation of his present statement that he has been unable to do so during the pendency of his social security claim. Furthermore, Tyrrell has not proposed a new discovery deadline or indicated the amount of time he believes he would require to complete these tasks. An indefinite extension would be inappropriate in any event.

**THEREFORE IT IS ORDERED** that Tyrrell's expedited motion to compel discovery, stay this action, and modify the Court's scheduling order is **DENIED** in all respects.

Dated this   18th   day of July, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge