# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMAR JOHN TYRRELL,

        Plaintiff,

    v.                                 Case No. 07-C-804

GE OIL & GAS OPERATIONS, INC.,

        Defendant.

## ORDER

Defendant GE Oil & Gas Operations, Inc. ("GE") has filed a motion seeking dismissal of the above action based upon Plaintiff Lamar Tyrrell's failure to comply with the Court's order that he respond to GE's outstanding discovery requests and submit to deposition. In the alternative, GE has requested that the Court modify the scheduling order to grant GE an additional extension of the discovery deadline. Tyrrell does not dispute that he has not yet fully responded to GE's discovery requests or submitted to deposition. For the following reasons, GE's motion for sanctions will be granted, and this case dismissed.

On June 12, 2008, the Court ordered that Tyrrell respond to all outstanding requests for discovery by June 26, 2008, and submit to deposition by July 15, 2008. (Order June 12, 2008, Dkt. # 28.) The Court advised Tyrrell that failure to do so may result in the dismissal of his case, and reiterated this warning in its order of July 7, 2008, awarding GE fees and costs associated with its motion to compel. (*Id.* at 2; Order July 7, 2008, Dkt. #42, at 2.) Nonetheless, and despite GE's efforts to provide Tyrrell additional extensions of the deadline for his discovery responses, Tyrrell

has still not responded to GE's outstanding discovery requests. (Williams-Killackey Aff. July 21, 2008.) On June 17, GE served Tyrrell with a notice of deposition for July 15, (*Id*., Ex. A) and reminded him of that obligation in subsequent correspondence. (*Id*. ¶¶ 3-6.) Apparently in response to an email it received on July 10, 2008 from Tyrrell, indicating he would not be able to attend his deposition for "medical reasons," GE sent an email and letter to Tyrrell on July 11, 2008, indicating that to the extent he was alleging a medical condition would prevent him from attending his scheduled deposition, he needed to contact GE to discuss reasonable accommodations. (*Id.*, Ex. E.) On July 14, Tyrrell sent an email to GE indicating that his physical limitations would prevent him from attending his scheduled deposition in Milwaukee. (Br. Opp'n Mot. Dismiss, Ex. R.) In this email, Tyrrell also indicated that he would not provide certain medical documents requested by GE until the completion of pending court proceedings regarding his claim for social security benefits. (*Id*.) GE then contacted Tyrrell by telephone and left him a voicemail message requesting that he call GE if he was not going to attend the scheduled deposition. (Williams-Killackey Aff. ¶ 6.)

Apparently, Tyrrell did not do so, or attempt to make alternative arrangements for his deposition. Nor did he seek relief from the Court with regard to his scheduled deposition. Yet on July 15, Tyrrell did not appear. (*Id*. ¶ 6.) On July 21, 2008, GE filed a motion requesting that the Court dismiss this case pursuant to Fed. R. Civ. P. 37 as a sanction for Tyrrell's failure to provide court-ordered discovery, and award GE its fees and costs incurred as a result, including GE's preparation of its motion to dismiss, preparation for and appearance at Tyrrell's scheduled deposition, and additional efforts to elicit Tyrrell's compliance.

Although he filed a brief in response to GE's motion to dismiss, Tyrrell does not dispute that he still has not complied with this Court's order of June 12, 2008. Rather, his brief merely reiterates

2

his claim that he was discriminated against by GE on the basis of his age. (Br. Opp'n Mot. Dismiss, Dkt. # 56.) Tyrrell has also submitted a letter from one of his doctors, dated August 8, 2007, noting that upon examination in 2006, Tyrrell presented with severe degenerative disk disease, accompanied by back and lower limb pain, and may not be able to perform gainful employment. (*Id*., Ex. Q.) There is no reference to this document in Tyrrell's brief. However, to the extent Tyrrell submits the letter as evidence that he was unable to travel to Milwaukee for his scheduled deposition, this does not excuse his failure to respond to GE's discovery requests or make alternative arrangements for his deposition.

"Rule 37(b) provides that a district court may impose various sanctions on a party who fails to comply with a court order. These sanctions enable a district court to prevent the parties to a lawsuit from 'unjustifiably resisting discovery.'" *Halas v. Consumer Services, Inc*., 16 F.3d 161, 164 (quoting Fed. R. Civ. P. 37 advisory committee's note (1970 amend.)). Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery," the court where the action is pending may issue an order "dismissing the action or proceeding in whole or in part." Although dismissal with prejudice is a harsh sanction, "the district court need not impose a lesser sanction prior to assessing the sanction of dismissal." *Halas*, 16 F.3d at 165.

Rule 37(d) provides that where a party "fails, after being served with proper notice, to appear for that person's deposition," or "after being properly served with interrogatories . . . fails to serve its answers, objections, or written response," the court where the action is pending may issue an order dismissing the case, as under Rule 37(b). Rule 37(d)(3) provides that instead of, or in addition such a sanction, "the court must require the party failing to act . . . to pay the reasonable expenses,

3

including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In this case, GE served Tyrrell with written interrogatories and document requests on April 3, 2008, and notice that he was to appear for a deposition on May 27, 2008. (Williams-Killackey Aff. May 28, 2008, Ex. A.) Tyrrell refused, and GE requested that he make alternative arrangements to schedule his deposition and provide a proper response to the discovery requests. (*Id*. ¶ 4.) When Tyrrell did not provide the requested discovery or arrange for his deposition, the Court ordered him to do so, and warned him twice that if he did not, his case might be dismissed. In violation of the Court's order, however, Tyrrell still has not responded to GE's discovery requests and has failed to submit to deposition. I find his failure to comply with the Court's order and provide discovery to be willful,[1] and conclude that the sanction of dismissal is appropriate pursuant to Rule 37(b) and 37(d), as well as the award of fees and costs requested by GE. Tyrrell has provided no reason for the Court to believe that his failure to appear for deposition or respond to GE's interrogatories and document requests has been substantially justified, and he has indicated no other circumstances that would make such sanctions unjust.

**THEREFORE IT IS ORDERED** that GE's motion to dismiss is **GRANTED**, and this case is **DISMISSED** with prejudice. GE is directed to file a fee request within 10 (ten) days of the date of this order. Tyrrell may file a response within 7 (seven) days of the service of the fee request.

---

[1] "[A] Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault." *Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 283 (7th Cir. 1988). A Rule 37(d) dismissal does not require a finding of willfulness. *See Halas*, 16 F.3d at 165 n.6.

4

**IT IS FURTHER ORDERED** that GE's motion for an extension of time to complete discovery is **DENIED** as moot.

Dated this   7th   day of August, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
