UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMAR JOHN TYRRELL,

        Plaintiff,

v.                                          Case No. 07-C-804

GE OIL & GAS OPERATIONS, INC.,

        Defendant.

**ORDER**

On August 7, 2008, upon the motion of Defendant GE Oil & Gas Operations, Inc. ("GE"), the Court dismissed this case as a sanction for Plaintiff Lamar Tyrrell's failure to comply with the Court's order that he respond to GE's outstanding discovery requests and submit to deposition. In addition, the Court indicated its willingness to award the fees and costs requested by GE, and directed GE to submit a fee request. GE has now done so. In the meantime, however, Tyrrell filed what he titled a "response" to the Court's order (Dkt. # 61), which I construe as a motion for reconsideration of the Court's finding that a monetary sanction should be imposed.[1]

In his motion, Tyrrell characterizes his noncompliance as "unintentional," and notes that he has had difficulty litigating this case because he suffers from emphysema, chronic "adjustment disorder with depressed mood," and a disabling back condition for which he takes pain medication,

---

[1] Tyrrell does not ask the Court to reinstate his case, nor does the record reflect any grounds for such a request.

that, along with his mental illness, has impaired his "reasoning capacity," and made it difficult for him to respond to GE's frequent attempts at correspondence. In support of these claims, Tyrrell has submitted exhibits relating to his recent award of social security disability benefits, including a functional capacity evaluation, which indicates that he is unable to engage in even sedentary activities on a regular basis. Tyrrell also notes his indigence, and his inability to secure counsel to assist him in this case despite his repeated attempts. He argues that because of his limitations, his failure to comply with the Court's order and provide the discovery requested by GE was "substantially justified" within the meaning of Fed. R. Civ. P. 37, and asks that the Court deny GE's fee request on that basis.

Tyrrell's conduct in this case exposed him to sanctions under Fed. R. Civ. P. 37(b), as a failure to comply with a court order to provide discovery, and Rule 37(d), as a failure to attend his deposition and properly respond to GE's interrogatories and requests for inspection. Pursuant to both Rules 37(b) and (d), "instead of or in addition to" the types of sanctions set forth in Rule 37(2)(A), such as dismissal of the action, the Court "must" require the recalcitrant party to pay the "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C), 37(d)(3).

I disagree with Tyrrell's characterization of his failure to comply as "substantially justified." Although the documents he has submitted suggest that Tyrrell has certain functional limitations, his submissions to the Court, as well as his correspondence with GE (*See e.g.* Br. Opp'n Mot. for Sanctions, Ex. R.) have demonstrated his capability to represent himself in this suit. Although his physical limitations may have prevented him from traveling to Milwaukee for his scheduled

2

deposition, he did not seek the protection of the Court on that basis, and there is no indication he made attempts to otherwise make himself available for deposition within the time frame established by the Court's order. He also failed to provide other discovery to GE that did not require lengthy travel. As further explained in the Court's order of August 7, 2008, dismissing this case, Tyrrell has provided no reason for the Court to believe that his failure to appear for deposition or respond to GE's interrogatories and document requests has been "substantially justified."

Nonetheless, upon further review, I find that the circumstances of this case would make the award of the fees and expenses sought by GE unjust. Previously, the Court awarded GE its fees and costs associated with its motion to compel the same discovery, including Tyrrell's deposition, which then became the subject of the court order Tyrrell has now disobeyed. As a sanction for Tyrrell's failure to comply with that order, the Court has now dismissed all claims against GE. Such a dismissal is itself a harsh, though appropriate, sanction. Although the record does not support a finding that Tyrrell's failure to provide discovery was "justified," it indicates that he at least made some effort to inform GE in advance of his scheduled deposition that he would be unable to appear in Milwaukee. Because the case has now been dismissed, Tyrrell's conduct has not resulted in lasting prejudice to GE, nor is there any danger that Tyrrell will continue to violate discovery rules in this action. Further, it appears some of the expenses GE seeks to recover would have been incurred even if Tyrrell had complied with the Court's order. For example, GE would have incurred attorney's fees preparing for Tyrrell's deposition even if he had appeared. In that sense, some expenses appear not to have been "caused by the failure" that supports the award of sanctions in this matter. *Technology Recycling Corp. v. City of Taylor*, 186 Fed. Appx. 624, 638 (6th Cir. 2006);

3

*Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002); *Ranger Transp., Inc. v. Wal-Mart Stores*, 903 F.2d 1185, 1188 (8th Cir. 1990).

Under these circumstances, I find that to award the fees GE has requested would be to impose a disproportionate sanction, resulting in significant financial hardship for Tyrrell, in light of his indigence and the Court's previous order that he pay the expenses GE incurred in connection with its motion to compel. "There is no rule prohibiting the imposition of monetary sanctions against an impecunious party." *Marez v. Chilton*, 2007 WL 2947471, at * 1 (N.D. Cal. 2007); *see also Laye v. American Drug Stores, Inc.*, 29 Fed. Appx. 391, 394 (7th Cir. 2002) (suggesting same); *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984) (holding there is no "flat per se policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent"). However, courts have recognized that a parties' inability to pay may, in some cases, make the award of fees and expenses inappropriate. *Marez*, 2007 WL 2947471, at *1 (holding that "the imposition of monetary sanctions would be unjust," despite plaintiff's unjustified failure to appear for deposition, where "plaintiff's August 21, 2006 Application to Proceed In Forma Pauperis suggests that she [was] not able to pay sanctions in any amount."); *Bosworth*, 102 F.R.D. at 521 (noting that "there may well be situations in which financial indigency will tilt against the imposition of Rule 37 sanctions"); *Harlem River Consumers Co-op., Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 467 (S.D.N.Y. 1974) (stating that "circumstances exist in this case which might make an award of expenses unjust," as a sanction against a non-profit corporation where prior testimony "gave strong indication of the uncertainty of its financial condition"); *see Robinson v. Yellow Freight System*, 132 F.R.D. 424, 428 (W.D.N.C.

4

1990) (considering plaintiff's financial condition in determining the appropriate sanction, and finding monetary sanctions would be ineffective due to plaintiff's indigence).

I find that this is such a case. Tyrrell's affidavit of indigence indicates that he would be unable to pay an additional award of fees, especially since monetary sanctions have already been imposed once in this case for his failure to provide discovery. Thus, considering the economic impact the award of the fees requested would have upon the parties, I find the award would be unjust and decline to impose such a sanction in addition to the severe sanction of the dismissal of this case.

**SO ORDERED** this   25th   day of August, 2008.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge
